**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GINO A. PAPLEKAJ,<br><br>                                 Plaintiff,<br><br>v.<br><br>FCA US, LLC, et al.,<br><br>                                Defendants. | Case No. 24-cv-1717-MMA-VET<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>[Doc. No. 15] |

On December 31, 2024, Defendant FCA US, LLC ("Defendant") filed a motion for judgment on the pleadings. Doc. No. 15. Plaintiff Gino A. Paplekaj ("Plaintiff") filed a response in opposition on January 31, 2025,[1] to which Defendant replied. Doc. Nos. 21–22. The Court took the matter under submission on February 4, 2025, pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. Doc. No. 23. For the reasons below, the Court **GRANTS** Defendant's motion for judgment on the pleadings.

---

[1] The Court notes that Plaintiff filed his opposition untimely. *See* CivLR 7.1.e.2. As the instant motion is potentially dispositive, the Court will nevertheless consider his arguments in opposition.

# I. Background[2]

This action arises over a 2016 Chrysler 300 automobile, manufactured and/or distributed by Defendant, for which Plaintiff entered into alleged warranties with Defendant on or around February 25, 2016 (the "Vehicle").  Doc. No. 1-2 ("Compl.") ¶ 7.  This included "but [was] not limited to[,] the bumper-bumper warranty, powertrain warranty, [and] emission warranty. . . " among others  Id. ¶ 8.  During the warranty period for one or more of these warranties, certain "defects . . . manifested themselves . . . including but not limited to[:] engine defects, transmission defects, electrical defects; among other defects and non-conformities."  Id. ¶ 12.  These were "latent defects."  Id. ¶ 52.  The defects "impair[ed] the use, value, or safety of the [v]ehicle[,]" leaving its value "*de minimis*."  Id. ¶¶ 13–14.  Plaintiff did not discover the defect until "shortly prior to the filing of this [c]omplaint."  Id. ¶ 29.  At some point prior to his filing the complaint, Plaintiff presented the vehicle to Defendant for repair, though Defendant was unable to repair it.  Id. ¶¶ 26, 32.  Specifically, "[a]lthough Plaintiff presented the Vehicle to [Defendant's] representative in this state, [Defendant] and its representative . . . failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days . . . ."  Id. ¶ 42.

Plaintiff filed this action in California Superior Court, County of San Diego, on August 21, 2024.  Compl. at 1.  Defendant removed the case to this Court on September 25, 2024.  Doc No. 1.  Plaintiff brings four causes of action: (1) Violation of California Civil Code § 1793.2(d); (2) Violation of California Civil Code § 1793.2(b); (3) Violation of California Civil Code § 1793.2(a)(3);[3] and (4) Breach of The Implied Warranty of Merchantability pursuant to California Civil Code §§ 1791.1, 1794, and 1795.5.  Compl. ¶¶ 35–53.

---

[2] Because this matter is before the Court on a motion for judgment on the pleadings, the Court must accept as true the allegations set forth in the complaint and draw all inferences in the light most favorable to the nonmovant.  *See Barker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009); *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

[3] The Court refers to Plaintiff's first three causes of action collectively as his "express warranty claims."

## II. LEGAL STANDARD

In assessing this motion for judgment on the pleadings under Rule 12(c),[4] the Court must employ the same standard as a motion to dismiss brought under Rule 12(b)(6). *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog."). This type of motion tests a complaint's sufficiency. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations, brackets, and citations omitted). Rule 12(b)(6) requires that the complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Upon review, the Court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998). In determining the propriety of dismissal, generally, a court may not look beyond the complaint for additional facts. *Id.*; *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998).

When granting dismissal, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend

---

[4] Unless otherwise noted, all "Rule" references are to the Federal Rules of Civil Procedure.

should be freely granted. *See, e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be futile. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

## III. D<small>ISCUSSION</small>

Defendant moves the Court to dismiss all four causes of action, asserting that the statute of limitations bars them and that Plaintiff therefore fails to state a claim for which relief can be granted. Doc. No. 15-2 at 2. [5] Plaintiff opposes dismissal, arguing that the statute of limitations has not, in fact, fully run due to "discovery rule," "repair doctrine," and/or class action tolling that render his claims timely. *See generally* Doc. No. 21. As it is usually raised as an affirmative defense rather than in a motion to dismiss, the Court must be cautious in dismissing a complaint based upon the statue of limitations' expiration and should do so only when the facts in the complaint make apparent that the statute has run. *See Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006).

The statute of limitations for all claims under the Song-Beverly Act is four years from the date the claim accrues, pursuant to California Commercial Code § 2725. *Krieger v. Nick Alexander Imports, Inc.*, 285 Cal. Rptr. 717, 722–23, 725 (Cal. Ct. App. 1991); *Mexia v. Rinker Boat Co.*, 95 Cal. Rptr. 3d 285, 291 (Cal. Ct. App. 2009); *Vanella v. Ford Motor Co.*, No. 3:19-CV-07956-WHO, 2020 WL 887975 *3 (N.D. Cal. Feb. 24, 2020) Cal. Comm. Code § 2725. Section 2725 likewise provides that "[a] cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." Cal. Comm. Code § 2725(2). Absent

---

[5] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

exception, then, the statute of limitations for all Plaintiff's claims expired long before he filed his initial complaint: on or around February 25, 2020, four years after the latest date, based upon the pleadings, that he could have purchased the Vehicle on or around February 25, 2016.  FAC ¶ 7.[6]

### A.     Express Warranty Claims[7]

Defendant seeks to dismiss Plaintiff's first three causes of action, alleging violations under the express warranty provisions in California Civil Code §§ 1793.2(a), (b), and (d).  Relevant here, California courts have generally held that "a promise to repair defects that occur during a future period is the very definition of express warranty of future performance, not only under the [Song-Beverly] Act . . . but also in the California Uniform Commercial Code section 2313." *Krieger*, 285 Cal. Rptr. at 724.  As the Powertrain Warranty attached to the complaint—which appears applicable to the relevant alleged defects—purports to promise exactly that when construed in the light most favorable to the nonmovant, the Court finds that, for the purposes of this motion only, Plaintiff pleads that this warranty is an express warranty of future performance.  *See* Compl. ¶ 12; Doc. No. 1-2 at 28 ("The Powertrain Limited Warranty covers the cost of

---

[6] Plaintiff implicitly confirms in his opposition that this date constitutes the vehicle's purchase date. *See* Doc. No. 21 at 2 ("According to Defendant, Plaintiff's claim accrued in February 2016 because he purchased the Subject Vehicle at that time.  In taking this position, however, Defendant is arguing that mere delivery of the vehicle triggers the accrual of an SBA claim.").

[7] The Court notes that California Civil Code § 871.21 took effect on January 1, 2025, as the parties briefed this motion. Cal. Ann. Civ. Code. § 871.21 (West).  This new statute changes the statute of limitations for express warranty claims. Cal. Civ. Code. §§ 871.20–871.21.  Neither party argues that this new provision should apply.  Likewise, this case was filed in Superior Court in August 2024, before the law went into effect.  Seeing no indication that it should be applied retroactively, the Court presumes, for the purposes of ruling on this motion, that the new statute of limitations is inapplicable. *See Quarry v. Doe I*, 272 P.3d 977, 981 (Cal. 2012) ("In construing statutes, there is a presumption against retroactive application unless the Legislature plainly has directed otherwise by means of express language of retroactivity or . . . other sources that provide a clear and unavoidable implication that the Legislature intended retroactive application.  Ambiguous statutory language will not suffice to dispel the presumption against retroactivity; rather a statute that is ambiguous with respect to retroactive application is construed . . . to be unambiguously prospective."); *Cf. Carver v. Volkswagen Grp. of Am., Inc.*, 328 Cal. Rptr. 3d 527, 449 (Cal. Ct. App. 2024) (Adams, J, dissenting), *review filed* (Feb. 4, 2025) (noting the change in law, but that the Court is "bound to apply the law as it was during the relevant time periods . . . .").

all parts and labor needed to repair a powertrain component listed in section 2.4.E"); Doc. No. 16 at 8.

Thus, should Plaintiff satisfy the requirements to invoke the "discovery rule" under § 2725(2), he may take advantage of a later date of accrual than that stated above. *Krieger*, 285 Cal. Rptr. at 725; Cal. Comm. Code § 2725(2). However, "claims . . . must still be brought within four years of discovery." *Martinez v. Ford Motor Co.*, No. 22-CV-1082-MMA (BGS), 2022 WL 14118926 *6 (S.D. Cal. Oct. 24, 2022) (discussing implied warranty claims). To avail himself of the discovery rule, Plaintiff must plead: "(1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence. Under the discovery rule, the statute of limitations begins to run 'when the plaintiff suspects or should suspect that her injury was caused by wrongdoing.'" *Rhynes v. Stryker Corp.*, No. 10-5619 SC, 2011 WL 5117168 *3 (N.D. Cal. Oct. 27, 2011) (quoting *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920–21 (Cal. 2005); and then quoting *Jolly v. Eli Lilly & Co.*, 751 P.2d 923, 928 (Cal. 1988) (*en banc*)) (internal quotations and citation marks omitted); *Sarkesian v. Ford Motor Co.*, No. 22-CV-00966-AJB-MDD, 2022 WL 20033381 *3 (S.D. Cal. Nov. 1, 2022) (Song-Beverly). "In the context of the Song-Beverly Act, courts have held a plaintiff to be on notice of his claim—beginning the running of the statute of limitations—*before* the expiration of the express warranty if a plaintiff discovered or should have discovered his claim before then." *Yi v. BMW of N. Am., LLC*, No. 2:17-CV-06467-SVW, 2018 WL 3359016 *6 (C.D. Cal. May 24, 2018), *aff'd sub nom. Kwon Yi v. BMW of N. Am., LLC*, 805 F. App'x 459 (9th Cir. 2020) (emphasis original).

In his complaint, Plaintiff states: that he "had no way of knowing about Defendant's deception with respect to the defect until the defect manifested itself and Defendant was unable to repair it after a reasonable number of repair attempts"; that "[w]ithin the time period of any applicable statutes of limitation, Plaintiff could not have discovered through the exercise of reasonable diligence that Defendant were concealing the defect and conduct complained of herein and concealing the companies' true position

with respect to the defect"; and that "Plaintiff did not discover, and did not know of, facts that would have caused a reasonable person to suspect that Defendants had concealed information about the defect in Defendants' vehicles prior to and at the time of sale and thereafter, which was discovered by Plaintiff shortly prior to the filing of this [c]omplaint." Compl. ¶¶26–27, 29. In deciding the motion, however, the Court is not required to accept as true legal conclusions when couched as factual allegations. *Iqbal*, 556 U.S. at 678. Likewise, Plaintiff must allege "more than labels and conclusions . . . [A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Plaintiff simply does not meet that requirement here. He offers no facts as to the time, nature, or circumstances of his discovering the defect or any wrongdoing. Instead, Plaintiff makes only vague, conclusory allegations as to when and how he discovered the defect, and no allegations as to his diligence.[8] The Court is therefore unable to apply the discovery rule to his claims and presumes on this record the claim accrued, starting the statute of limitations' running, at tender of the Vehicle. *See e.g.*, *Sarkesian*, 2022 WL 20033381 at *2–3; *cf. Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 87 Cal. Rptr. 3d 5, 17 (Cal. Ct. App. 2008) ("the majority view is that the [Future Performance] exception must be narrowly construed . . . ."); *Yi*, 2018 WL 3359016 at *6.

Plaintiff also alleges that the "repair doctrine" renders his claim timely by tolling his claims through "various unsuccessful attempts to repair the [V]ehicle" and Defendant's claims that "the defect is susceptible to repair and attempts to repair the defect." Compl. ¶¶ 30–34. While he does not cite it to advance his argument, the Court first finds that California Civil Code section 1795.6(b), commonly—though wrongly—cited to support an asserted repair doctrine tolling under the Song-Beverly Act, does not act to toll the statute of limitations, but merely extends warranties periods for the time needed for repairs. *Sarkesian*, 2022 WL 20033381 at *4; *Kaighn v. Volkswagen AG*, No.

---

[8] At best, Plaintiff makes the vague statement that he made this discovery "shortly prior to the filing of this [c]omplaint" in his recitation of the discovery rule's requirements. Compl. ¶ 29.

-7-                                                                                                       24-cv-1717-MMA-VET

CV158905DSFJEMX, 2015 WL 11112537 *1 (C.D. Cal. Dec. 9, 2015) ("California Civil Code § 1795.6 does not toll Song-Beverly Act claims like the ones brought here. It extends warranties for the period of time needed for repairs; it is not a tolling statute."). However, some courts have held that "the statute of limitations on a warranty claim is 'tolled during the period in which a defendant has unsuccessfully attempted to repair the defect.'" *Finnell v. Ford Motor Co.*, No. 5:19-CV-08030-EJD, 2020 WL 1082704 *3 (N.D. Cal. Mar. 6, 2020) (quoting *Cardenas v. Ford Motor Co.*, No. CV181090DSFPLAX, 2018 WL 2041616 *1 (C.D. Cal. Apr. 23, 2018)).

    Even assuming, without finding, that a repair doctrine applies, Plaintiff states no facts about any specific attempts to repair the Vehicle and thus cannot avail himself of its benefit. *Id.*; *see also, e.g.*, *Cabrera v. Ford Motor Co.*, No. 23-CV-1775-WQH-LR, 2024 WL 4101907 *9 (S.D. Cal. Jun. 4, 2024); *Vanella*, 2020 WL 887975 at *5–6. At most, he offers conclusory allegations that "[t]he statute of limitations is tolled by various unsuccessful attempts to repair the vehicle"; that "the limitations period for warranty claims is tolled against a defendant whenever that defendant claims that the defect is susceptible to repair and attempts to repair the defect"; and that "Defendant (and its dealership) undertook to perform various repair measures. During the time in which Defendant represented to Plaintiff that the . . . Vehicle was fixable and attempted to fix it, the warranty period may have thus been tolled." Compl. ¶ 30–32. As with his discovery rule allegations, these are no more than legal conclusions couched as fact and formulaic recitations of the underlying claims' elements. Thus, the repair doctrine cannot toll Plaintiff's claims as currently pleaded.

    Finally, the Court agrees with Defendant that Plaintiff does not sufficiently articulate facts or argument in support of his allegation that class action tolling applies, as Plaintiff alleges neither facts nor argument that the class action he cites, *Alfonso and Arlene Moran et al., v. FCA US LLC*, Case No. 3:17-cv-02594-GPC (S.D. Cal.), has any bearing on the matter sufficient to warrant tolling under *Am. Pipe & Const. Co. v. Utah*,

414 U.S. 538, (1974).[9] *See* Compl. ¶ 23.  Likewise, he does not address Defendant's arguments on this point in his opposition, and thus has "waived this argument." *Sarkesian*, 2022 WL 20033381 at *3.  Therefore, as no tolling extends the statute of limitations on this record, and as Plaintiff filed after it ran, the Court **GRANTS** Defendant's motion for judgment on the pleadings as to Plaintiff's first three causes of action.

### B.     Implied Warranty

Section 2725's four-year statute of limitations applies to the implied warranty of merchantability.  *Mexia v. Rinker Boat Co.*, 95 Cal. Rptr. 3d 285, 291 (Cal. Ct. App. 2009); *Sarkesian*, 2022 WL 20033381 at *2.  This claim is also governed by § 2725 as to its date of accrual.  *Cardinal Health 301, Inc.*, 87 Cal. Rptr. 3d 5 at 19; *see, e.g.*, *Sarkesian*, 2022 WL 20033381 at *2.  Plaintiff asserts that the discovery rule, the repair doctrine, and class action tolling apply to this claim as well and render it timely.  Doc. No. 21 at 8; Compl. ¶¶ 26–29.  Assuming without finding that the discovery rule applies to this cause of action,[10] Plaintiff's arguments fail for the same reason as his express warranty claims: he provides insufficient factual details as to how or when this discovery occurred, any attempts at diligence, any specific attempt to repair the Vehicle, or anything else to those points—beyond conclusory allegations of Defendant's duties and breaches.  *See id.* ¶¶ 26–29.  The same is true for any assertion of class action tolling, as

---

[9] The Court, *sua sponte*, takes judicial notice of this action, now numbered 17-cv-0294-JO-AHG, and its second amended complaint, Doc. No. 26, therein.  The allegations appear, to the Court's understanding, to involve a specific issue involving the engine timing and crankshafts in 2017-or-later Chrysler Pacificas equipped with a 3.6-liter V6 engine and a 9-speed automatic transmission.  *Alfonso and Arlene Moran et al. v. FCA US LLC*, 17-cv-0294-JO-AHG (S.D. Cal.) at Doc. No. 26.  Though it is possible that there is some overlap between these claims and Plaintiff's, *see id.* at 12–13, Plaintiff does not plead facts sufficient to allow the Court to make any sort of determination to that effect at this time.

[10] Courts have arrived at differing conclusions as to the discovery rule's applicability to the implied warranty.  *See CF Gainesville Inv., LLC v. Astronergy Solar, Inc.*, 615 F. Supp. 3d 1137, 1147–48 (C.D. Cal. 2022) (discussing the split); *compare Mexia*, 95 Cal.Rptr.3d at 295–96 (indicating the discovery rule should apply) *with Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 87 Cal. Rptr. 3d 5, 19–20 (Cal. Ct. App. 2008) ("Because an implied warranty is one that arises by operation of law rather than by an express agreement . . . courts have consistently held it is not a warranty that explicitly extends to future performance of the goods . . . []" thereby precluding the discovery rule).

Plaintiff provides no facts or argument that the *Alfonso and Arlene Moran* case has any bearing on the matter and makes no attempt to rebut Defendant's arguments on that point. *See* Compl. ¶ 23. Therefore, no tolling extends the statute of limitations on this record and the Court **GRANTS** Defendant's motion for judgment on the pleadings as to Plaintiff's fourth cause of action.

## IV. CONCLUSION

For the reasons above, the Court **GRANTS** Defendant's motion for judgment on the pleadings and **DISMISSES** Plaintiff's complaint. Dismissal is **without prejudice and with leave to amend**. Any new amended complaint will be the operative pleading and must be filed on or before **April 9, 2025**.

Defendant must then respond within the time prescribed by Federal Rule of Civil Procedure 15. Any claim not re-alleged and any defendant not named in the new amended complaint will be considered waived. *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that after dismissal with leave to amend, claims may be "considered waived if not repled").

The new amended complaint must be accompanied by a version of that pleading that shows—through redlining or similar method—how that pleading differs from the previously dismissed pleading. *See* CivLR 15.1.c.

**IT IS SO ORDERED**.

Dated: March 19, 2025

HON. MICHAEL M. ANELLO
United States District Judge